﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190806-18543
DATE: April 30, 2020

REMANDED

Entitlement to service connection for peripheral neuropathy of the bilateral lower extremities is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from January 1966 to December 1968, to include service in the Republic of Vietnam. For his meritorious service, the Veteran was awarded the Vietnam Service and Campaign Medals.

This appeal is before the Board of Veterans’ Appeals (Board) on appeal of a July 2019 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). Given the date of the rating decision on appeal, the Veteran’s appeal is governed by the modernized review system (known by the Board as AMA). 38 C.F.R. § 19.2 (2019). On his notice of disagreement to the Board, the Veteran selected direct docket review. Because that July 2019 rating decision was a higher-level review decision, the Board shall consider all evidence of record at the time of the earlier, April 2019 initial rating decision in this matter. 38 C.F.R. § 20.301 (2019).

1. Entitlement to service connection for bilateral lower extremities peripheral neuropathy is remanded.

The Veteran’s contentions are straight-forward: the Veteran contends that he currently suffers from peripheral neuropathy of the bilateral lower extremities, that he served in the Republic of Vietnam and was presumptively exposed to herbicide agents, and that peripheral neuropathy is a disease presumptively related to such exposure. 

Importantly, the regulation in question regarding disabilities and diseases deemed presumptively related to herbicide agent exposure includes not simply peripheral neuropathy, but specifically “early-onset peripheral neuropathy.” 38 C.F.R. § 3.309(e). For purposes of presumptive service connection, “early-onset peripheral neuropathy shall have become manifest to a degree of 10 percent or more within a year after the last date on which the veteran was exposed to an herbicide agent during active military, naval, or air service.” 38 C.F.R. § 3.307(a)(6)(ii).

Thus, for the Veteran’s service connection claim to be granted on a presumptive basis, it must be shown that the Veteran’s peripheral neuropathy developed to a compensable degree within a year of his return from the Republic of Vietnam. 

The Board finds that before a decision can be rendered, a remand is necessary in order to correct two duty to assist errors that occurred before the July 2019 rating decision on appeal. First, as noted above, a determination for presumptive service connection requires knowing the Veteran’s dates of service in the Republic of Vietnam. On remand, his service personnel records must be obtained.

Second, the Veteran underwent an April 2019 VA examination to determine the nature and etiology of his BLE peripheral neuropathy. The examiner, however, did not provide a medical opinion as to whether a nexus existed between the Veteran’s disability and his military service either presumptively or directly. Thus, a remand is warranted in order to obtain a new opinion.

The matters are REMANDED for the following action:

1. Obtain the Veteran’s service personnel records and associate them with his claims file.

2. Obtain an opinion from an appropriate examiner as to whether the Veteran’s claimed peripheral neuropathy had its onset within a year of his service in the Republic of Vietnam. Regardless of the date of onset, the examiner must also state whether it is at least as likely as not that the Veteran’s peripheral neuropathy of the bilateral lower extremities is otherwise related to the Veteran’s active service, to include his exposure to herbicide agents. If the examiner determines that an opinion may not be offered without first examining the Veteran, then schedule the Veteran for an appropriate examination.

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. K. Hall, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.